UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IRA L. WELLS                                    CIVIL ACTION

VERSUS                                          NO: 11-3069

ABF FREIGHT SYSTEM, INC.                        SECTION: R

**ORDER AND REASONS**

Defendant, ABF Freight System, Inc. ("ABF"), moves for summary judgment. For the following reasons, the Court GRANTS defendant's motion.

**I.   BACKGROUND**

Ira Wells alleges that his former employer, ABF, discriminated against him. Wells is a fifty-year old, African-American man. He claims that ABF did not promote him and eventually fired him because of his age and his race. Wells also alleges that ABF retaliated against him because he complained about ABF's alleged discrimination. Specifically, he alleges ABF violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e4, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634.

ABF contends that it had legitimate, nondiscriminatory reasons for its employment decisions and that there is no

evidence indicating that its stated reasons are a pretext for discrimination. Accordingly, ABF moves for summary judgment.

## II. STANDARD

### A. Summary Judgment Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting Wright & Miller, *Fed. Prac. and Proc. Civ.* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l*

*Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 332).

**III. DISCUSSION**

Wells's claims arise under three statutes: Title VII, § 1981, and the ADEA. First, Wells alleges that ABF did not promote him to Terminal Manager, Sales Representative, and other promotional positions because of his race and age in violation of Title VII, 42 U.S.C. § 1981, and the ADEA. Second, Wells alleges that ABF fired him because of his race and age in violation of Title VII, 42 U.S.C. § 1981, and the ADEA. Third, plaintiff alleges that ABF fired him in retaliation for his complaints about ABF's discriminatory treatment in violation of Title VII and 42 U.S.C. § 1981.

ABF argues that some of Wells's claims should be dismissed because Wells failed to exhaust administrative remedies and failed to timely file his claims.

**A. Failure to Exhaust Administrative Remedies**

Plaintiffs must file an charge with the Equal Employment Opportunity Commission before bringing a Title VII or ADEA claim in federal court. Plaintiffs must also obtain a right-to-sue notice for Title VII claims. 42 U.S.C. 2000e-5(f); 29 U.S.C. 626(e); *Taylor v. Brooks A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Carmicheal v. Ingram Ready-Mix*, No. SA05CA0999-XR, 2006 WL 505735, at *2 (W.D. Tex. Jan. 18, 2006). Courts will dismiss the claims when the aggrieved party has not exhausted administrative remedies. *Fobbs v. Potter*, 338 Fed. App'x 359, 361

4

(5th Cir. 2009) (per curium); *Nat'l Ass'n v. City of Pub. Servb. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994).

Wells filed a charge of discrimination with the EEOC on April 30, 2009, and received a right to sue notice on September 16, 2011.[1] Wells's charge stated claims only pertaining to ABF's failure to promote him: "On October 2, 2008, I was passed over/not selected for a Sales Position nor a Terminal Manager Position."[2] Wells did not list any claims arising from additional ABF decisions not to promote him. Wells did not include allegations that ABF terminated him because of his race or age or that ABF retaliated against him because he complained about ABF's discrimination. Wells did not include these claims in his EEOC charge, and, as a result, his Title VII and ADEA claims resting on allegations that ABF failed to promote him in "other promotional opportunities," terminated him, and retaliated against him are dismissed.[3] *Reed v. Northrop Grumman Ship Sys. Inc.*, No. 04-1214, 2004 WL 2115596, at *2-3 (E.D. La. Sept. 17, 2004) (noting that a plaintiff must file a charge with the EEOC under both Title VII and the ADEA).

---

[1]   R. Doc. 1-2.

[2]   *Id.*

[3]   Plaintiff does not contest this issue in his motion in opposition to summary judgment.

Accordingly, Wells's remaining ADEA and Title VII claims are for ABF's failure to promote him to Terminal Manager or Sales Representative.

**B. Statute of Limitations**

ABF argues that Wells's failure to promote claims pursuant to 42 U.S.C § 1981 should be dismissed because they are untimely. Section 1981 does not have a statute of limitations. Instead, federal courts generally apply "the most appropriate or analogous state statute of limitations." *Jones v. R.R. Donnelley & Sons Company*, 541 U.S. 369, 371 (2004). In Louisiana, the applicable statute of limitations is one year. *Johnson v. Crown Enter., Inc.*, 398 F.3d 339, 341 (5th Cir. 2005). In 1990, Congress enacted a 4-year statute of limitations for actions "made possible" by a federal statute enacted after December 1, 1990. *Jones*, 541 U.S. at 382; 28 U.S.C. § 1658. In *Jones*, the Court held that this 4-year catchall applies when "the plaintiff's claim against the defendant was made possible by a post-1990 enactment." *Jones*, 541 U.S. at 382.

Failure to promote claims were cognizable under § 1981 under the version of the statute predating December 1, 1990. A plaintiff could bring a failure to promote claim if the "promotion [rose] to the level of an opportunity for a new and distinct relation between the employee and the employer." *Patterson v. McLean Credit Union*, 491 U.S. 164, 185 (1989),

*superseded by statute on other grounds as stated in CBOCS West Inc. v. Humphries*, 553 U.S. 442 (2008).

Neither party disputes that Wells was denied a promotion as defined by *Patterson*. Accordingly, the Louisiana prescriptive period of one year for tort actions applies to these claims. *Johnson*, 398 F.3d at 341. Because Wells filed suit on December 14, 2011, and the last of his claims for failure to promote occurred in October of 2008, these § 1981 claims are prescribed and must be dismissed. Even assuming that Wells's § 1981 claims for failure to promote were timely filed, they, along with Wells's other claims, still fail as a matter of law. *See infra* Section III.C.1.[4] Wells's remaining § 1981 claims are for termination and retaliation.

**C. The Merits of Wells's Claims**

Title VII prohibits employers from "discharg[ing]" or "otherwise [] discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). Courts must determine "whether the defendant intentionally discriminated against the plaintiff" when assessing Title VII claims. *Roberson*, 373 F.3d at 651. Wells offers no

---

[4] As noted below, § 1981 claims and Title VII claims are tested by the same standard. Wells claims for racial discrimination for failure to promote under either theory, therefore, rise and fall together.

7

direct evidence of discrimination. Accordingly, the Court will apply the framework outlined in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973).

Section 1981 grants citizens equal rights to "make and enforce contracts," including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits . . . of the contractual relationship." 42 U.S.C. 1981(a)-(b). Section 1981 claims are also analyzed under the *McDonnell-Douglass* framework. *See Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 467-68 (5th Cir. 2002).

The ADEA prohibits an employer from firing or otherwise discriminating against an employee "because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff invoking the ADEA must "prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009).[5] *Gross* noted: "[T]he Court has not

---

[5] In *Gross*, the Court held that a "mixed-motive jury instruction" is never available under the ADEA. *Gross*, 557 U.S. at 169. A mixed-motive jury instruction states that if an employee proves that an adverse employment action was the result of both permissible and impermissible motives, the burden of persuasion shifts to the employer to demonstrate that it would have proceeded with the employment action notwithstanding the improper motive. *Gross*, 557 U.S. at 174 (citations omitted); *see also Smith v. City of Allentown*, 589 F.3d 684, 690-91 (3d Cir. 2009) (discussing the implications of *Gross* on ADEA claims). *Gross* overruled the Fifth Circuit's cases that utilized the mixed-motive analysis for ADEA claims based on direct evidence of age discrimination. *See, e.g.*, *Machinchick v. PB Power, Inc.*, 398

definitely decided whether the evidentiary framework of [*McDonnell Douglass*], utilized in Title VII cases is appropriate in the ADEA context." *Gross*, 557 U.S. at 175-76 n.2. The Fifth Circuit, however, continues to apply the *McDonnell-Douglas* framework to ADEA claims after *Gross*. *See, e.g.*, *Holliday v. Commonwealth Brands, Inc.*, No. 12-30278, 2012 WL 3176316, at *3 (5th Cir. Aug. 3, 2012); *Manaway v. Med. Ctr. of Southeast Tex.*, 430 Fed. App'x 317, 378 (5th Cir. 2011); *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922-923 (5th Cir. 2010); *Jackson v. Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) ("[W]e are bound by our circuit precedent applying *McDonnell Douglas* to age discrimination cases"). Accordingly, all of Wells's claims will be analyzed under the same standard of proof. *Roberson*, 373 F.3d at 651.

Under *McDonnell Douglas*, first a plaintiff must establish a prima facie case. After the employee establishes a prima facie case, the burden of production shifts to the employer to articulate a "legitimate, nondiscriminatory reason" for the employment decision. *McDonnell Douglas*, 411 U.S. at 802-03. If the employer articulates a legitimate, nondiscriminatory reason,

---

F.3d 345, 250 (5th Cir. 2005)("Plaintiffs presenting direct evidence of age discrimination may proceed under the 'mixed motive' analysis set forth in *Price Waterhouse*."). Further, Wells has presented no evidence of racial discrimination and does not argue that he is entitled to a mixed-motive charge on his Title VII claims.

the plaintiff must then rebut the employer's purported explanation by showing that it is pretextual. *Moss*, 610 F.3d at 922. Consistent with *Gross*, the burden of persuasion remains with the employee at all times, but the "burden of production and the order of presenting proof" are allocated in accordance with the *McDonnell-Douglas* framework. *Jackson*, 602 F.3d at 377-78.

**1. Failure to Promote**

Wells claims that ABF did not promote him to Terminal Manager and Sales Representative because of his race and age.

    **A. Prima Facie Case**

        **(i) Race**

To establish a prima facie case for failure to promote on the basis of race, Wells must show: (1) that he is a member of the protected class; (2) that he sought and was qualified for the position; (3) that he was rejected from the position; and (4) that the employer continued to seek or promoted applicants with the plaintiff's qualifications. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004).

It is undisputed that Wells meets the first, third, and fourth factors: he is African-American, he was not promoted, and ABF promoted other qualified applicants. As to the second factor, there is evidence in the record that Wells was a qualified candidate for these positions. First, Wells did have extensive experience at ABF. Second, that ABF interviewed Wells for the

10

positions suggests that ABF considered him a qualified candidate for the positions. ABF does not appear to dispute that Wells was qualified for these positions; instead, it focuses on articulating a legitimate, nondiscrimnatory reason for choosing other applicants over Wells. Accordingly, Wells has met his initial burden of establishing a prima facie case for race discrimination.

### (ii) Age

To establish a prima facie case for failure to promote on the basis of age, Wells must show: (1) he was over forty; (2) he was qualified for the position sought; (3) he was not promoted; and (4) the position was filled by someone younger or the failure to promote was due to his age. *Tratree v. BP North Am. Pipelines, Inc.*, 277 Fed. App'x 390, 395 (5th Cir. 2008) (per curium).

Wells meets factors one, three, and four because was over forty, was not promoted, and both positions were filled by a younger employee. As noted above, a survey of the record suggests that Wells was qualified for these positions. Accordingly, Wells has also stated a prima facie case for age discrimination.

### B. Legitimate Nondiscriminatory Reasons

#### (1) Sales Representative Position

ABF articulates a variety of nondiscriminatory reasons for not promoting Wells to Sales Representative. ABF has stated that Wells was insubordinate and did not get along with his coworkers.

In 2005, for instance, Branch Manger Ken Sands stated that he would not recommend Wells for a promotion due to his "attitude and tardiness."[6] In 2005 Wells was also given a written warning that he would be terminated if his "demeanor in the office" and "lack of respect for the clerks that [he] work[ed] with continued."[7] ABF also produced performance evaluations that rated Wells "unacceptable" in various categories such as attitude, dependability, and attendance.[8] These evaluations also revealed that Wells "need[ed] improvement" in communication, writing, verbal, and people skills.[9] Wells also performed poorly during the interview for Sales Representative, and he appeared unprepared.[10] Further, Wells had "no relevant sales experience," a key qualification for a sales representative position.[11]

ABF selected Charmaine Cantelli because she had "substantially more relevant freight sales experience than any of the other candidates."[12] Cantelli had twenty years of experience in the transportation industry and had been a successful Sales

---

[6] R. Doc. 20-5 at 59.

[7] *Id.* at 61.

[8] *Id.* at 36.

[9] *Id.*

[10] *Id.* at 43, 45.

[11] *Id.* at 44.

[12] *Id.*

Representative for 14 years.[13] Accordingly, ABF has auriculated a legitimate, nondiscriminatory reason for not promoting Wells.

### (2) Branch Manager Position

ABF states that it selected David Kessler for the Branch Manager Position instead of Wells because Kessler was the most qualified of the remaining applicants. Kessler was highly recommended and had experience managing and organizing a family-owned business.[14] Kessler also had a degree in Management from Purdue and earned a Masters of Business Administration from the University of Indianapolis.[15]

Further, Wells "had difficulty dealing with people in the New Orleans Terminal and with ABF's customers," and ABF believed "[i]t was not likely he could lead those same people as the Branch Manager."[16] Wells also performed poorly in the interview. Accordingly, ABF has articulated a legitimate, nondiscriminatory reason for passing Wells over for Branch Manager.

### C. Pretext

Wells fails to support his assertion that ABF's stated reasons were a pretext for race or age discrimination. Wells must show that ABF's proffered explanation is "unworthy of belief."

---

[13] *Id.*

[14] *Id.* at 47; R. Doc. 24-9 at 5.

[15] R. Doc. 24-9 at 11.

[16] *Id.*

*Maurer v. American Airlines*, 249 Fed. App'x 341, 343 (5th Cir. 2007) (per curium).

To show pretext, Wells mostly relies on his own belief that he was the most qualified applicant for the positions. "[A] showing that the unsuccessful employee was clearly better qualified is enough to prove that the employer's proffered reasons are pretextual," but "the losing candidate's qualifications must leap form the record and cry out to all who would listen that he was vastly-or even clearly-more qualified for the subject job." *Prince v. Federal Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002) (internal quotation and citation omitted). Wells does not sustain this burden. His time at ABF is marred by contentious disputes with other employees; he lacked experience in sales; and he had difficulty with authority. While Wells did have a college degree and Cantelli did not, Cantelli had 14 years experience as a sales representative, and Kessler had experience managing his family-owned business and earned a Masters of Business Administration degree. A comparison of Wells's experience and performance at ABF with the promoted candidates' qualifications does not show that Wells was clearly better qualified. *Maurer*, 249 Fed. App'x at 343. Wells's subjective speculation that he was better qualified does not suffice. *Nichols v. Loral Vought Systs. Corp.*, 81 F.3d 38, 41-42 (5th Cir. 1996).

Wells also argues that ABF's reasons are pretexutal because he was "consistently provided performance ratings of "meets or exceeds expectations," in his writing skills. The record belies this argument as Wells's writings skills were rated as "need[ing] improvement" multiple times.[17]

Finally, Wells notes that of the 32 branch mangers only two were African American and that according to the recollection of Mr. Henley, not one African American had been hired into sales.[18] This statistical evidence is not probative of whether ABF's stated reasons are pretextual. The Fifth Circuit has held that when, as here, a plaintiff's "statistics do not even purport to analyze the facts concerning individual supervisors, the statistics are impotent, without more," to rebut an employer's legitimate, nondiscriminatory reasons. *E.E.O.C. v. Texas Instruments Inc.*, 100 F.3d 1173, 1185-86 (5th Cir. 1996); *Jackson v. Watkins*, 619 F.3d 463, 467-68 (5th Cir. 2010) (per curium) (noting that statistics are not sufficient to raise a genuine issue of material fact "in the absence of evidence tailored to rebut" an employer's stated reasons). Here, Wells's evidence is

---

[17] R. Doc. 20-5 at 34, 35. As further proof that ABF did not discriminate on the basis of age it is worth noting that ABF's first choice for the Branch Manager position, Troy Loranger, was 47 (older than Wells) at the time he was offered the job. Loranger did not accept the position for personal reasons.

[18] R. Doc. 24 at 19.

not tailored to address ABF's stated justification for not promoting him, namely, that he was less qualified than the other employees and had a troubled performance record.

Wells has put forth no evidence to refute the nondiscriminatory reasons that ABF articulated. Accordingly, ABF is entitled to summary judgment dismissing Wells's claims of age and racial discrimination based on ABF's failure to give him these promotions. "It is not our place to second-guess the business decision of an employer, so long as those decisions are not the result of discrimination." *Jackson*, 619 F.3d at 468 n.5.

**2. Termination**

Because, as discussed above, Wells did not include allegations relating to his termination in his EEOC charge, his only remaining claims are for improper termination and retaliation on the basis of race pursuant to § 1981.

**A. Prima Facie Case**

To establish a prima facie case of discrimination based on race, Wells must show that: (1) he was a member of a protected group; (2) he was qualified for his position; (3) he was fired; and (4) he was replaced by someone outside of his protected class. ABF does not dispute that Wells has made a prima facie claim for discrimination with regards to his termination. Instead, ABF articulates a legitimate, nondiscriminatory reason for Wells's termination.

16

**B. Legitimate Nondiscrimatnory Reasons**

ABF justifies terminating Wells because his tumultuous relationship with his coworkers worsened after he did not receive his promotion in 2008. Kessler, Wells's newly appointed boss, said that Wells "was difficult to work with, [and] extremely difficult to manage."[19] Wells also had repeated problems with clients resulting in five complaints filed against him in 2009.[20] ABF notes that clients continued to file complaints against Wells even after he left.[21] In the days before his termination, Wells had expressed complaints about working the night shift at ABF, and he admitted he "was not happy"[22] about his work hours. Kessler believed Wells had expressed that he did not want to do the shift.[23] The management agreed that Wells should be terminated, and on April 3, 2009, ABF fired Wells.[24] A memorandum outlining the termination discussion that ABF had with Wells recounts these reasons for his termination, specifically, the numerous complaints against him and his reluctance to supervise

---

[19]   R. Doc. 20-8 at 8.

[20]   R. Doc. 20-5 at 15-20.

[21]   *Id.* at 50-51.

[22]   R. Doc. 20-4 at 49.

[23]   R. Doc. 20-8 at 11-12.

[24]   R. Doc. 20-5 at 21.

the night shift.[25] Accordingly, ABF has articulated legitimate, nondiscriminatory reasons for firing Wells.

### C. Pretext

Wells attempts to establish pretext by arguing that after he was terminated ABF "went looking for complaints," and that he was never made aware of such complaints against him.[26] There is no evidence that ABF solicited complaints against Wells. Further, even if Wells were unaware of these complaints, his awareness would not be probative of pretext. Wells's awareness does not speak to whether ABF's relied on them when deciding to fire him. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011). Wells has produced no evidence suggesting pretext on the part of ABF. Accordingly, his termination claim is also dismissed.

## 3. Retaliation

### A. Prima Facie Case

To establish a claim of unlawful retaliation, Wells must demonstrate: (1) that he engaged in activities protected by § 1981; (2) that an adverse employment action followed; and (3) that there was a causal connection between the two. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 339 (5th Cir. 2003). Wells's claim fails because he does not provide evidence that he engaged

---

[25] R. Doc. 20-5 at 21.

[26] R. Doc. 24-5 at 21.

in any protected activity. An employee has engaged in protected activity if (1) he has opposed any practice made unlawful employment practice by the statute, or (2) he filed a charge of discrimination or otherwise participated in any manner in a Title VII matter. *See Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 755 (5th Cir. 2005).

Wells claims he engaged in a protected activity when he complained to Elaine Girard about being passed over for promotions. Importantly, Wells admits that he never mentioned that he "thought these things were happening . . . because of [his] race."[27] Wells maintains that Girard knew that Wells was African-American so it was "not necessary for him to specifically mention his race."[28] That Girard understood Wells's complaints to be about racial discrimination is belied by the record: even in his post-termination discussion with Ms. Girard, Wells never alleged that he was fired because of his race, or in retaliation for any complaint about racial discrimination.[29]

Even accepting Wells's statement as valid and assuming that he has met his burden of proving a prima facie case of retaliation, Wells's claim still fails. As noted above, ABF has articulated a legitimate, nonretalitaory reason for terminating

---

[27] R. Doc. 24-5 at 15.

[28] *Id.* at 14.

[29] *Id.* at 23.

Wells. *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008). Wells has offered no evidence to suggest that these reasons are a pretext for retaliation. *See* Section III.C.2.C.; *Baker*, 430 F.3d at 755 (affirming the dismissal of a retaliation claim and noting that even assuming that plaintiff had made a prima facie case, the employer provided a legitimate non-retaliatory reason for its employment action, and plaintiff had not produced evidence of pretext). Accordingly, Wells's claims for retaliation are also dismissed.

**IV. CONCLUSION**

For the foregoing reasons, defendant's motion is GRANTED and plaintiff's claims are dismissed with prejudice.

New Orleans, Louisiana, this 28th day of February, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE